**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JACQUES LEBLANC,

                Plaintiff,

vs.                                        Case No.  8:11-cv-1646-T-JRK

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Jacques LeBlanc ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of an injured left arm/elbow and numbness in his left hand. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed October 17, 2011, at 146. On October 24, 2008 and September 16, 2008, Plaintiff filed applications for DIB and SSI respectively, alleging an onset date of May 19, 2006. Tr. at 127-28, 129-30; see also Tr. at 142. Plaintiff's applications were denied initially, see Tr. at 54, 55, 69-72, 73-77, and were denied upon reconsideration, see Tr. at 56, 57, 78-80, 81-82.

On June 17, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 29-53. At the time of the hearing,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed October 17, 2011; Reference Order (Doc. No. 17), entered October 18, 2011.

Plaintiff was 40 years old. Tr. at 32. The ALJ issued a Decision on July 15, 2010, finding Plaintiff not disabled through the date of the Decision. Tr. at 15-24. On May 23, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 4-6, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then sought and received an extension of time to file a civil action. Tr. at 1, 3. On July 25, 2011, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal. See Memorandum in Opposition to the Commissioner's Decision (Doc. No. 24; "Pl.'s Mem."), filed February 17, 2012. Plaintiff argues that "[t]he ALJ erred by finding that the Plaintiff could perform the jobs of sales attendant, parking lot attendant, and courier." Pl.'s Mem. at 6 (emphasis and capitalization omitted). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-24. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since May 19, 2006, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: history of injury to left elbow, epicondylitis and complaints of loss of feeling in the left hand." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift and carry twenty pounds occasionally and ten pounds frequently. He can stand, walk, or sit for about six hours in an eight-hour workday. He has no manipulative, visual or communicative limitations, except he would be limited in using the left upper extremity for pushing or pulling of hand controls, but has no restrictions in the use of his dominant right hand. He can frequently climb stairs and ramps, balance, kneel, crouch and can occasionally crawl. He should avoid ladders, ropes, scaffolds, unprotected heights or hazardous machinery. He can hear, understand, remember and carry out simple routine work instructions, and can interact appropriately with co-workers, supervisors and the general public.

Tr. at 18 (emphasis omitted).  At step four, the ALJ found Plaintiff "is unable to perform [his] past relevant work" as a plumber's assistant.  Tr. at 22 (emphasis and citation omitted).  At step five, after "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (emphasis and citation omitted), including sales attendant (light), parking lot attendant (light), and courier (light), Tr. at 23 (citation omitted).  The ALJ concluded that Plaintiff "has not been under a disability . . . from May 19, 2006, through the date of th[e D]ecision."  Tr. at 23 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v.

Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises one issue on appeal. Plaintiff contends the ALJ erred in finding he can perform the jobs of sales attendant, parking lot attendant, and courier. Pl.'s Mem. at 6. As to the jobs of parking lot attendant and courier, Plaintiff argues "both the [Dictionary of Occupational Titles ("DOT")] and the [VE] indicate that driving may be a significant requirement in those occupations." Id. (citing Tr. at 48-49). Plaintiff acknowledges that he admitted during the hearing that he drives "about 30 miles per week," but he argues his "dizziness and fatigue" associated with his pain medication could affect his driving. Id. at 7. As to the job of sales attendant, Plaintiff states that the ALJ limited him "to simple, routine work," and he argues that because the DOT assigns the sales attendant job "a reasoning level of 3," the job is "inconsistent with simple routine work." Id. at 7-8.

Defendant responds that substantial evidence supports the ALJ's determination that Plaintiff can perform the parking lot attendant and sales attendant jobs. Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem."), filed April 17, 2012, at 6-14. Defendant does not specifically defend the determination that Plaintiff can perform the courier job but instead states, "Even if Plaintiff's alleged inability to drive prevented him from working as a courier, this would not undermine the ALJ's determination that Plaintiff

could perform a significant number of jobs in the national economy and was not disabled." Id. at 7.

During the hearing, the ALJ presented the VE with a hypothetical (which hypothetical Plaintiff does not challenge) that was substantially adopted as the RFC in the written Decision; in response to the hypothetical, the VE testified that Plaintiff could not perform his past relevant work. Tr. at 46-47. The ALJ then asked the VE about other work that Plaintiff could perform:

> [ALJ]: Could [Plaintiff] do other jobs that exist in significant numbers in the national economy?
>
> [VE]: Yes, Your Honor.
>
> [ALJ]: And could you name at least three and the numbers they represent?
>
> [VE]: Yes, Your Honor. Someone with that hypothetical could work as a sales attendant. That DOT number is 299.677-010. It's light exertional with an SVP of 2. It's unskilled. In the immediate two-county area there's approximately 2,000, in the State of Florida there are 14,500 and nationally approximately 290,000.
>
> Also, Your Honor, someone could work as a parking lot attendant. That DOT is 915.473-010. It's also light, SVP of 2. There are 1,200 in the two-county area, 12,300 statewide, and 240,000 nationally.
>
> Also someone with that profile could work as a courier. That DOT is 230.663-010. It's also light with an SVP of 2. There are approximately 1,000 in the two-county area, 4,900 statewide and approximately 100,000 nationally.

Tr. at 48. Then, in response to a different hypothetical posed by the ALJ, the VE clarified that "there are three types" of the parking lot attendant job. Tr. at 48-49. The VE testified that "[t]here are people that are in a lot that tell you where to park your car, there are people that actually do park your car, . . . and there are people at sporting events that wave you

where to go. All three are parking lot attendants." Tr. at 49. After concluding his questioning of the VE, the ALJ asked the VE if there were any inconsistencies or conflicts between his testimony and the DOT. Tr. at 50. The VE answered that there were not. Tr. at 50. Plaintiff's representative at the hearing did not object to the VE testifying as an expert and did not question the VE about any alleged inconsistencies. Tr. at 51-52.

Regarding Plaintiff's contention that he cannot drive the required length of time for the jobs of parking lot attendant and courier, the undersigned finds this argument without merit. First, Plaintiff admitted that he drives about thirty miles per week despite taking the pain medications. Tr. at 36. Second, when asked about side effects of his medications, Plaintiff testified they make him "a little dizzy and tired at times," but he did not mention anything about the medications rendering him unable to drive. Tr. at 40. Third, the ALJ did not impose any limitations on Plaintiff's driving or restrictions that would preclude driving in Plaintiff's RFC, and the ALJ specifically found that Plaintiff's testimony regarding his limitations was incredible to the extent it was inconsistent with the RFC. Tr. at 18-19. Plaintiff does not quarrel with these findings. Fourth, at least as to the parking lot attendant job, the VE clarified that there are certain types of parking lot attendant jobs that do not require driving. Tr. at 49.

In any event, Plaintiff's reliance on the DOT to argue that he cannot perform the jobs identified by the VE is misplaced. If an ALJ chooses to rely on a VE's testimony, the ALJ is required "to ask the VE whether there is a conflict [between the VE's testimony and the DOT,] and if the VE identifies a conflict the ALJ is required then–and only then–to address the conflict." Garskof v. Astrue, No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050, at *6 (M.D.

Fla. Sept. 26, 2008) (unpublished); see SSR 00-4p, 2000 WL 1898704, at *2 (noting that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE"). If no conflict is identified, "the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE–so long as the ALJ asked the VE to identify any conflicts–and the ALJ is not required independently to identify whether there is any inconsistency." Garskof, 2008 WL 4405050, at *6. Even if a conflict is identified, a "VE's testimony 'trumps' the DOT." Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished) (citing Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999)); see also Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 795-96 (11th Cir. 2011) (unpublished) (noting that a "VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job"); Jones v. Charter, 72 F.3d 81 (8th Cir. 1995) (noting that "[t]he DOT gives the approximate maximum requirement for each position, rather than the range").

Here, after considering the ALJ's hypothetical, the VE – an expert on the types of jobs a person can perform – identified three jobs Plaintiff can perform. Consistent with SSR 00-4p, the ALJ asked the VE whether there are any inconsistencies between his testimony and the DOT. Tr. at 50. The VE answered there are not, Tr. at 50, and the ALJ specifically included in the written Decision that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. at 23. Regardless, as the expert, the VE's testimony "trumps" the DOT. See Jones, 423 F. App'x at 938. The VE's testimony is supported by substantial evidence, and the ALJ committed no error in relying on that testimony.

-8-

Finally, even if the Court were persuaded by Plaintiff's argument that the DOT precludes performance of the sales attendant job, any error in finding Plaintiff can perform that job is harmless given that the VE cited to two other jobs with sufficient numbers in the national economy that Plaintiff can perform: parking lot attendant (240,000 jobs nationally; 12,300 jobs in Florida) and courier (100,000 jobs nationally; 4,900 jobs in Florida). See generally Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005) (unpublished) (upholding ALJ's finding that 840 "jobs constituted a significant number in the national economy"); Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (finding 174 local jobs, 1,600 jobs in the state, and 80,000 jobs nationally to be sufficient to constitute substantial evidence).

## V. Conclusion

The ALJ's reliance on the VE's testimony was in accordance with proper legal standards, and the VE's testimony relating to jobs existing in the national economy that Plaintiff can perform is substantial evidence supporting the ALJ's Decision. After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence. After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 25, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
copies to:
counsel of record